THE HEIRS AND TERRE-TENANTS OF PHILIP READING *vs.* THE STATE, for the use of MARIA WARD late MARIA READING.

Matter amounting to a discharge or legal payment of a recognizance cannot be given in evidence under the plea of *payment,* but should be pleaded specially.

*Semble.* If lands bound by a recognizance in the Orphans' Court be sold under a younger judgment, the money is applicable to the recognizance and the lien is discharged.

But in an action against one of the recognizors such a defence can not be set up under a plea of payment

In debt on a bond, or sci. fa. on a recognizance, every thing in avoidance or discharge of the bond or recognizance must be specially pleaded.

The object of pleading is notice to the other side, as well as the simplifyng the issues.

Matters which amount to the general issue cannot be specially pleaded.

WRIT of error to the late Court of Common Pleas, Newcastle county.

This was a scire facias upon a recognizance in the Orphans' Court acknowledged by Philip Reading on the 16th September 1813 in the sum of $28,770 36, on the acceptance of the real estate of Philip Reading deceased, and conditioned in the usual form for the payment to the other children of Philip Reading deceased, of their proportions of $14,385 18, the appraised value of said lands.

The defts. below pleaded (inter alia) "that the said state of Delaware, the now plaintiff, for the use of Maria Ward late Maria Reading, ought not to have execution against them nor of their lands'

for the debt aforesaid by virtue of the said recognizance because, protesting" &c. "they say that the said Philip Reading after the said 16th September, 1813, and after the times of payment in the said condition mentioned, and before the commencement of this suit, to wit, on the —— day of ——, A. D. 18—, at Newcastle county afsd. *paid* to the other children of Philip Reading, deceased, their equal and proportionable shares of $14,385 18 in the said condition mentioned, together with all interest then due thereon according to the form and effect of the said condition of the said recognizance; and this they are ready to verify; wherefore they pray judgment" &c.   On this plea, and another, issue was joined.

"The counsel for the defts. to maintain and prove the said issues on their part offered in evidence a judgment at the suit of —— —— against William Pryce, one of the recognizors in the afsd. recognizance; an execution on that judgment, and the return of the sheriff thereon showing the amount of the sales of the lands of the said William Pryce; and did insist before the said court that although no part of the money arising from the said sales of the said lands had in fact been applied in satisfaction of the said recognizance, yet, that as in law the money so arising ought to have been applied in satisfaction of the said recognizance, the said judgment, execution and return ought to be received in evidence under the plea of payment. But to this the counsel for the said plff. did object and insist before the said court, that the matters so offered in evidence could not be admitted as evidence under the plea of payment filed in the said cause, but should have been specially pleaded by the defts., to have entitled the said defts. to give the said matters in evidence.   And the said justices did thereupon declare and pronounce it to be their opinion that the said judgment, execution and return could not be admitted or given in evidence under the aforesaid pleas, and the same were accordingly rejected and not to be allowed to be given in evidence." Whereupon the counsel for the said defts. did except to the afsd. opinion of the said justices.   The plff. had a verdict and judgment for $1,284 17. (Judges Clayton, Cooper and Stout on the bench.)

In the assignment of errors the second and only one relied on was the following: "2. For that the said justices refused to permit or admit the counsel for the defts. in the said scire facias to give or exhibit in evidence to the said jury a judgment at the suit of —— —— against William Pryce, one of the recognizors in said recognizance, an execution on that judgment and the sale of his lands on that execution; whereas the said justices ought to have permitted the said defts. to have given the said evidence to the said jury under the plea of payment."

In the Court of Errors and Appeals the cause was submitted without argument, and that court *affirmed* the judgment of the Court of Common Pleas.

*Wales* and *Rogers*, for plaintiffs in error.
*J. A. Bayard*, for defendant in error.

The following opinion was drawn up but not pronounced. The case having been submitted without argument, this court affirmed the

judgment without going particularly into the grounds; it was understood, however, that they concurred in the views here presented:

"This is a scire facias on a recognizance taken in the Orphans' Court. The plea relied on is payment; and according to the terms of the plea a direct and *absolute* payment by the party pleading. The evidence offered to maintain this plea was a judgment against William Pryce, one of the sureties in this recognizance, an execution and the sale of his lands. It was not insisted or pretended that any part of the money arising from this sale had *in fact* been applied in payment of this recognizance, but it was contended that, in law, the sum arising from this sale was applicable to this recognizance; and, therefore, that these proceedings should be admitted in evidence to prove payment under this plea. The Court of Common Pleas thought otherwise and rejected the evidence.

Two questions might have been raised by the plaintiff's counsel, viz: First. Supposing the facts relied on by the deft. to have been specially pleaded, then did this matter amount in law to payment; or, in other words, did the sale of the surety's land of itself amount to a satisfaction of this recognizance? Second. Could this matter be received in evidence under this plea of absolute payment? The latter question was the only one before the Court of Common Pleas. Both are now open to this court; but we shall confine ourselves to the latter. *(a)*

Pleadings are designed not only to put in issue single points, but to apprise the parties of what they are to come prepared to try. It is true that in actions of debt on simple contract, in actions of assumpsit, and in actions of trespass on the case, under the general issue, which puts the whole declaration in issue, almost every thing may be given in evidence which shows that the plff. at the time of commencing suit had no cause of action. But in an action of debt on a bond, or a scire facias on a recognizance, every thing in avoidance or discharge of the bond or recognizance must be specially pleaded. What is or what is not matter in discharge of a bond or recognizance is a question of law and must be shown to the court by the plea that they may see why the action does not lie; and being a question of law the judges are to determine whether it discharges or bars the plff.'s action: although such bar or matter produced by the deft. may be traversed by the plff. whether it be true or not, which subsequently draws it to the determination of the jury. But the plff. is not bound to traverse; for if the fact be true he may admit it and demur; and thus the sufficiency of the matter alledged in the plea is submitted to the court.

We hardly think it necessary to mention here, and yet it may be, that there is this distinction in the books on pleading, that the matters which are put in issue by the general issue are issues of fact, and, therefore, matters of evidence to be tried by the jury, and not to be referred to the court. For this reason, it is an invariable rule in pleading, that matters which amount to the general issue cannot be specially pleaded. But matters which ought to be specially pleaded in bar are matters of law and fit only for the determination of the court, unless the plff. by his traverse denies them and thus draws the determination of them to the jury. Ought not therefore the facts

relied upon to be shown by the plea to the court that they may judge whether they be in law a bar to the action? Was the matter relied on as a defence in this case so stated that the court could form any judgment upon it? Had the plff. any opportunity of traversing or demurring to these facts? On this general plea of an absolute payment he was obliged to reply that no such payment had been made. He was driven to this, for to this plea he could not demur, the matter contained in it being sufficient in law, for payment is a good plea.

The judgment and execution against Pryce and the sale of his lands were not matters necessarily within the knowledge of the plff. They were transactions *inter alios*. And as it was not alledged in this case that any part of the proceeds of this sale was in fact applied in discharge of the recognizance, but that it was applicable only in law to the payment of it, the plea ought in justice to have apprised the plff. that the defts. meant to rely on this matter as a defence. Otherwise the plff. might have been surprised. Having no notice of the matter of defence she could not be supposed to come to the trial prepared to meet it. It might be that there were other judgments or incumbrances prior to this recognizance more than sufficient to have absorbed the whole proceeds of the sale; and yet it could not be sup--posed that the plff. would be prepared to show them.

We have not been able to meet with any direct authority on this

*(a)* State, use of Thomas Vickory *vs.* John Vickory and terre-tenants.

In the late High Court of Errors and Appeals, June term, 1828. Error to the Court of Common Pleas for Kent county.

This was a sci. fa. on a recognizance for Thomas Vickory's share of the value of lands ($264 56) entered into by John Vickory and others. The terre-tenants appeared and pleaded that the lands bound by this recognizance had been sold by the sheriff on judgment and execution, and payment by the sheriff.

A part of this land was purchased at the sheriff's sale by William Masten: and, as to that part, the question was "whether the land should be held by him under this sale *discharged* of the recognizance." Masten purchased with a knowledge of Thomas Vickory's claim.

*J. M. Clayton* for defts. contended that the sale of the land by the sheriff was a legal payment or discharge of the recognizance; that the money arising from such sale was applicable to it, and if the sheriff had misapplied it he was liable. He showed that younger judgment liens had been paid by the sale. He contended that this was in accordance with the whole system of our laws which favors the alienation of property, and shuns secret liens. That it imposed no improper responsibility on the sheriff. He is a public officer; has ready access to the records; is paid for his official responsibilities, and may protect himself by the payment of the money into court. Suppose the land to be sold *subject* to the recognizance, this absurdity will arise. The land is valued at $1,580: and is not worth half the sum; if sold subject it will not bring a cent and the first cognizee who proceeds loses his debt. When lands are assigned under an order of the Orphans' Court the assignee takes a complete title both legal and equitable. 1 *Del L.* 291; 2 *Yeates* 326. It is not like the title of a mortgagor, his interest is merely an equitable one, and when his land is sold it is sold subject to the mortgage, because in fact nothing more is sold than the mortgager's equity of redemption. The purchaser under a venditioni exponas takes a title clear-

25

very point; but the analogies of other cases, the precedents and practice, and the general principles of pleading, all show, that the view

of all liens. The payment of prior judgments by the sheriff has always been the practice; why should he not be bound to pay prior recognizances? The supreme court has several times decided that he was so bound—in *The State use Morgan* vs. *Turner; State use of Stroud* vs. *Springer* and *State use of White* vs. *Broadie.* 1 *Del Laws* 114; 2 *do.* 1105; 6 *do.* 657; 7 *do.* 86; 4 *Dallas* 321.

*Ridgely*, on the other hand, contended that a sale of the land by the sheriff did not discharge the recognizance but the purchaser took subject to it. The sheriff was not bound to apply the proceeds to the recognizance, nor had he ever in the practice of this state. At common law none of these liens not even judgments were discharged by a sale under a younger judgment. Those having older liens could not have their rights affected by a proceeding to which they were not parties. A. obtains judgment against B. and secures it by a lien on his real estate, and goes abroad. C. gets a judgment against B. and sells the land. The money goes into the hands of the sheriff; and, if A's prior lien is hereby discharged, he has for his security in future to rely on the sheriff, whose bond may shortly be barred. Our own act of assembly changes the law as to *judgments*, but only as to *judgments*, a recognizance is a security of a very different nature, and you must extend a construction, itself contrary to a common law principle, far beyond the act, to include recognizances. Establish the principle contended for on the other side and in what condition do you place your sheriffs? What your sureties? It would be impossible for the sheriff to pay over the proceeds of any sale without the utmost danger; he would therefore throw it into court and let the parties fight for it. Again. John Vickory, the cognizor, sold off a part of this land to Willoughby; the residue only has been sold by the sheriff. Now if the proceeds of this sale be applicable to the recognizance Willoughby's land will be discharged and Vickory's judgment creditors get nothing. Again. If the sheriff is bound to pay this money to the recognizance, how is he to ascertain the shares of each cognizee? Some of them may be infants who may thus be deprived of all remedy for the sheriff's bond must be sued in six years. 1 *Johns. C. R.* 512; 13 *Johns. R.* 463, 533; 12 *Wheat* 177; 3 *Yeates* 561; 1 *Del. Laws* 110.

The *Court of Common Pleas*, judges *Booth* and *Stout*, decided that the purchaser took the land subject to the recognizance, and gave judgment for the plaintiff; but—

The *High Court of Errors and Appeals*, (*Ridgely*, Chancellor, being absent; *Clayton*, Chief Justice of the Common Pleas, declining to sit, having been of counsel; and *Cooper, J.* dissenting) reversed the judgment of the court below.

JOHNS, *Chief Justice of the Supreme Court* delivered the opinion.

The question is whether a sale by the sheriff, under a junior judgment, does discharge the land sold from the lien of a prior recognizance; or is the land bound by such recognizance in the hands of the purchaser. The law is settled by practice and by a decision of the Court of Appeals, that if a sheriff sell land under a junior judgment, he is bound to pay off the older judgments; the lien of these judgments is lifted; the land is discharged from them. Is there any difference between a recognizance and a judgment in this respect; is there any reason that a different rule should apply to the former. They are both general liens, and the court cannot make a distinction. We are of opinion that the sale of this land by the sheriff, under a junior judgment, did in its legal operation discharge the land from the recognizance, and the sheriff was bound to pay off the recognizance

by the court below was right.    If there be two or more obligors, a release to one is a release to all, whether the bond be joint, or joint and several.    If A. and B. be bound by a bond, and A. be released and B. be sued, he must plead it not as a release to him, but he must plead the fact as it exists, the release to A., and this fact being shown to the court they are bound to draw the legal conclusion that a release to A. is a release to his joint obligor B.    So it is whether the release be by deed or by operation of law; for where the obligee in a joint and several bond makes one of the two obligors his executor, who administers and dies, the surviving obligor is discharged. Yet in an action against him he must specially plead all the facts constituting his defence.    If a feme obligee take the obligor to husband, this is a release in law.    Yet if the husband should die and the widow should sue his executor, he must plead the facts of marriage, and the court are to judge whether this be not a release in law.

The whole difficulty in this case arises from the loose and negligent manner of pleading in this state.    The word "payment" is put upon the record, and that is generally supposed to embrace all manner of payment, although we think erroneously, for it can mean nothing more than a general absolute payment.    And yet in these cases of the short plea of payment it is most frequently attended with leave to give the special matter in evidence where any special matter is relied on.    But in this case the plea is formally drawn up—it presents the case of an absolute payment and nothing more.    The Common Pleas, thought that the facts relied on as constituting a payment, or rather a discharge, for it is no payment, ought to have been set out in the plea, that the court might judge of their sufficiency; that it might see whether they amounted to a legal discharge. They surely do not amount to a *payment* either in the legal or the ordinary sense of that term.    If any thing, they amount to a legal discharge.    But suppose these facts for a moment can be imagined to constitute a payment: they are not mere matters of evidence but facts which should have been specially set out in the plea.    The Court of Common Pleas therefore properly rejected the evidence on the ground that the matter relied on was no payment, but if any defence merely a legal discharge, and as such ought to have been pleaded. 5 *Bac. Abr.* 371; *Pleas. G.* 3; 1 *Chitty* 481; 1 *Tidd.* 596; 5 *Comyn.* 401; *Pleader E.* 15; 2 *Lord Raymond* 1072; *Lill. Ent.* 394, 6; 2 *do.* 422, 480.

Where judgment is recovered against one and an execution is issued and delivered to the sheriff who levies it on the goods of the deft. this matter may be afterwards pleaded in bar to a scire facias on this judgment, but the facts must be specially set forth in a plea."

from the proceeds of the sale.    The judgment of the Court of Common Pleas must therefore be reversed; and the deft. in error pay the costs, &c.

*Cooper, Jus.* dissented, and gave his reasons at length.    Recognizances differ from judgments in this, they cannot be executed without resort to a court of law and suit brought.    He regarded the act of assembly as not giving to the acceptor of lands in the Orphans' Court, any thing more than an equitable title *until payment*, the legal title remaining in the heirs at law. Hence he concluded that the land should always be sold subject to the claims of the cognizees.